IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-44-SLR |
| | ) | |
| KIMBERLY BARNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ferris W. Wharton, Assistant United States Attorney for the District of Delaware, and the defendant, Kimberly Barnett, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One Indictment, which charges her with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(3), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove with respect to Count 1, three elements of the offense – (1) that on or about December 16, 2004, she knowingly possessed a firearm; (2) that at that time she was an unlawful user of a controlled substance; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

3. The defendant knowingly, voluntarily, and intelligently admits that, on or about December 16, 2004, in the State and District of Delaware, being an unlawful user of a controlled substance, she knowingly possessed, in and affecting interstate commerce, a Remington Model 1100, semi-automatic action 12 gauge shotgun, serial number N877620V.

4. The defendant agrees to abandon any right, title and interest she may have in the following firearm: a Remington Model 1100, semi-automatic action 12 gauge shotgun, serial number N877620V, the firearm having been seized by special agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives on December 20, 2004; agrees to execute all documents requested by the Government to effect her abandonment; and agrees that the Bureau of Alcohol, Tobacco & Firearms and Explosives may dispose of the firearm in whatever manner it deems appropriate.

5. The defendant recognizes that an advisory sentence will be determined pursuant to the sentencing guidelines. She understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The United States represents to the defendant that based on the

information available, the United States believes that her offense level (before acceptance of responsibility) should be 14, see SG § 2K2.1(a)(6), and that it has no objection to a two-level reduction for acceptance of responsibility based on the defendant's conduct to date. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney, that she will not be allowed to withdraw her guilty plea. The defendant further understands that, while the sentencing judge is not bound by the guidelines, the sentencing judge must consult the guidelines and take them into account when imposing the defendant's sentence.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should she fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified

only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_Eleni Kousoulis_　　　　　　　　　　By: _Ferris W. Wharton_
Eleni Kousoulis, Esquire　　　　　　　　Ferris W. Wharton
Attorney for Defendant　　　　　　　　Assistant United States Attorney

_Kimberly A. Barnett_
Kimberly Barnett,
Defendant

Dated: 8-8-05

AND NOW, this __8th__ day of __August__, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_Sue L. Robinson_
Sue L. Robinson,
United States District Judge